**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| NASIR HAMEED, as Administrator of the Estate of FARHANA NASIR; NASIR HAMEED, as Administrator of the Estate of NOOR NASIR; JAVED AKBAR, as Administrator of the Estate of KIRAN AKBAR; KHIZER NASIR; and HASSAN AKBAR, | ) | |
| Plaintiffs, | ) | Civil Case No. 2:26-cv-00419-JAW |
| v. | ) | |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., and RICHARDSON'S BOAT YARD, | ) | |
| Defendants. | ) | |

**DEFENDANTS BOMBARDIER RECREATIONAL PRODUCTS, INC. AND BRP US, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. (collectively, "Defendants"), by and through undersigned counsel, herby submit their Answer to Plaintiffs' Complaint as follows. Except as expressly admitted below, Defendant deny each and every allegation of the Complaint.

## INTRODUCTION

Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of the three unnumbered Paragraphs at the beginning of the Complaint containing photographs and captioned, "Introduction" and on that basis deny them and demand strict proof thereof.

**PARTIES**

1. Admitted upon information and belief.

2. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2, and on that basis deny them and demand strict proof thereof.

3. Admitted upon information and belief.

4. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, and on that basis deny them and demand strict proof thereof.

5. Admitted upon information and belief.

6. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, and on that basis deny them and demand strict proof thereof.

7. Admitted upon information and belief.

8. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and on that basis deny them and demand strict proof thereof.

9. Defendants admit that Bombardier Recreational Products, Inc. are a Canadian corporation with its principal place of business in Valcourt, Province of Quebec, Canada. Defendants otherwise deny any remaining allegations in Paragraph 9 and demand strict proof thereof.

10. Defendants admit that Bombardier Recreational Products, Inc. designed the Sea Doo Switch that was involved in the subject accident. Defendants deny the remaining allegations of Paragraph 10, including any allegation of defect, and demand strict proof thereof.

11. Defendants admit that BRP US, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Sturtevant, Wisconsin. Defendants otherwise deny any remaining allegations in Paragraph 11 and demand strict proof thereof.

12. Defendants admit that BRP US, Inc. is a distributor of Sea-Doo products and that BRP US, Inc. may have engaged in some marketing of Sea-Doo products that is not directed or targeted specifically to the State of Maine. Defendants otherwise deny the remaining allegations of Paragraph 12 and demand strict proof thereof.

13. Denied.

14. Defendants admit upon information and belief that Richardson's Boat Yard ("Richardson's") are a Maine corporation that operates as an independent authorized dealership for Defendants' products and that Richardson's principal place of business is located in Standish, Cumberland County, Maine. Defendants are without knowledge or information sufficient to form a belief about whether Richardson's operates a marina. Defendants otherwise deny the remaining allegations of Paragraph 14 and demand strict proof thereof.

15. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, and on that basis deny them and demand strict proof thereof.

## FACTS

16. Defendants admit that Bombardier Recreational Products, Inc. designs Sea-Doo branded products and that Bombardier Recreational Product's, Inc. engages in some marketing of Sea-Doo branded products that are not directed or targeted specifically to the State of Maine. Defendants further admit that BRP US, Inc. manufactures and distributes Sea-Doo Switch products and that BRP US, Inc. engages in some marketing of Sea-Doo products that are not directed or targeted specifically to the State of Maine. Defendants otherwise deny any remaining allegations in Paragraph 16 and demand strict proof thereof.

17. Defendants admit that the Sea-Doo Switch pontoon boat is marketed to a wide variety of consumers. Defendants deny the remaining allegations and characterizations of Paragraph 17 and demand strict proof thereof.

18. Denied as stated. Defendants admit that the Sea Doo Switch is reasonably safe and suitable for its intended use when operated in a manner consistent with the warning labels on the unit and the instructions and limitations contained within the Operators Guide. Any corporate marketing or representation(s) about the Sea Doo Switch will speak for itself. Any averment or allegation in Paragraph 18 that is inconsistent with the foregoing response is denied.

19. Defendants admit that Sea -Doo Switch boats utilize a three-hull or triple-pontoon configuration consisting of a center hull and outer pontoons positions along the sides of the center hull, and further admit that the watercraft includes a forward bow deflector attached at the forward portion of the center hull. Defendants deny, however, that the outer pontoons are properly characterized as "sponsons," and state that Defendants refer to those components as outer pontoons. Defendants deny any remaining allegations or characterizations in Paragraph 19 inconsistent with the foregoing. .

20. Denied as stated. Defendants admit that the outer pontoons and certain forward portions of the hull are not watertight and contain flotation foam that displaces water and provides buoyancy. Defendants further state that a substantial portion of the center hull, including the engine compartment, is watertight. Defendants deny the allegation that all three hull or pontoon sections

are non-watertight and deny any remaining allegations or characterizations in Paragraph 20 inconsistent with the foregoing.

21. Defendants deny the allegations of Paragraph 21 and demand strict proof thereof.

22. Defendants deny the allegations of Paragraph 22 and demand strict proof thereof.

23. Denied as stated. Defendants admit that, as with other boats operating through water, the interaction between a vessel and the water may generate a wave that, at certain speeds or during changes in speed, can result in a temporary rise of the stern and corresponding lowering of the bow. Defendants deny that this is a design characteristic unique or specific to the Sea-Doo Switch and deny that the Sea-Doo Switch was designed to generate such an effect. Defendants deny any remaining allegations or characterizations in Paragraph 23 inconsistent with the foregoing.

24. Defendants deny the allegations of Paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations of Paragraph 25 and demand strict proof thereof.

26. Defendants admit that they are aware of certain reported capsizing events involving Sea-Doo Switch boats since the year 2022. Defendants deny all remaining allegations in Paragraph 26.

27. Defendants deny the allegations of Paragraph 27 and demand strict proof thereof.

28. Defendants admit that safety recall notice was issued concerning the Sea-Doo Switch in or about February 2025, and states that the notice speaks for itself. Defendants deny any remaining allegations in Paragraph 28 and demand strict proof thereof.

29. Defendants admit that a safety recall notice was issued for model year 2022-2025 Sea-Doo Switch pontoon boats on or about February 18, 2025, and states that the notice speaks for itself. Defendants deny any characterization or averment of the notice inconsistent with its terms. Defendants deny any remaining allegations or averments in Paragraph 29 and demand strict proof thereof.

30. Defendants state that the recall communications speak for themselves. Defendants deny any characterization of the recall communications inconsistent with their terms/instruction. Defendants deny any remaining allegations in Paragraph 30 and demand strict proof thereof.

31. Defendants admit that the February 2025 recall communications describe repair procedures which speak for themselves. Defendants deny any characterization of those communications and/or procedures inconsistent with their terms. Defendants deny any remaining allegations in Paragraph 31 and demand strict proof thereof.

32. Defendants admit, upon information and belief, that Richardson's performed certain repairs on the 18-foot 2024 Sea-Doo Switch (VIN: YDV43695L324) (the "Subject Switch") on or about April 9, 2025. Defendants deny any remaining allegations in Paragraph 32 and demand strict proof thereof.

33. Defendants deny that any recall repair failed to eliminate any alleged design defect or failed to make the vessel reasonably safe. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 33 and on that basis deny them.

34. Defendants admit, upon information and belief, that John Morris purchased the Subject Switch from Richardson's on or about May 23, 2025. Defendants deny any remaining allegations in Paragraph 34 and demand strict proof thereof.

35. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and on that basis deny them and demand strict proof thereof. Defendants explicitly deny any allegation that the Sea-Doo Switch John Morris purchased was inherently dangerous or prone to capsize suddenly. Defendants deny any remaining allegations in Paragraph 35 and demand strict proof thereof.

36. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36, and on that basis deny them and demand strict proof thereof.

37. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37, and on that basis deny them and demand strict proof thereof. Defendants explicitly deny any allegation that the Sea-Doo Switch John Morris purchased was inherently dangerous or prone to capsize suddenly under any circumstances. Defendants deny any remaining allegations in Paragraph 37 and demand strict proof thereof.

38. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 38, and on that basis deny them and demand strict proof thereof.

39. Denied as stated. Defendants admit only that the Subject Switch's warning label(s) and/or Operator's Guide contained instructions regarding the maximum capacity of passengers, subject also to stated weight and capacity distribution instructions and other instructions and warnings. The Subject Switch's warning label(s) and Operator's Guide speak for themselves. Defendants deny any remaining allegations in Paragraph 39 and demand strict proof thereof.

40. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40, and on that basis deny them and demand strict proof thereof.

41. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41, and on that basis deny them and demand strict proof thereof.

42. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42, and on that basis deny them and demand strict proof thereof.

43. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43, and on that basis deny them and demand strict proof thereof.

44. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44, and on that basis deny them and demand strict proof thereof.

45. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45, and on that basis deny them and demand strict proof thereof.

46. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46, and on that basis deny them and demand strict proof thereof.

47. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47, and on that basis deny them and demand strict proof thereof.

48. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48, and on that basis deny them and demand strict proof thereof.

49. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49, and on that basis deny them and demand strict proof thereof.

50. Denied.

51. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51, and on that basis deny them and demand strict proof thereof.

52. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52, and on that basis deny them and demand strict proof thereof.

53. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53, and on that basis deny them and demand strict proof thereof.

54. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 54, and on that basis deny them and demand strict proof thereof.

55. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55, and on that basis deny them and demand strict proof thereof.

56. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and on that basis deny them and demand strict proof thereof.

57. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57, and on that basis deny them and demand strict proof thereof.

58. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, and on that basis deny them and demand strict proof thereof.

59. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 59, and on that basis deny them and demand strict proof thereof.

60. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 60, and on that basis deny them and demand strict proof thereof.

61. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61, and on that basis deny them and demand strict proof thereof.

62. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62, and on that basis deny them and demand strict proof thereof.

63. Paragraph 63 purports to quote from a document that speaks for itself. Defendants deny any allegations or characterizations in Paragraph 63 and demand strict proof thereof.

64. Paragraph 64 purports to quote from a document that speaks for itself. Defendants deny any allegations or characterizations in Paragraph 64 and demand strict proof thereof.

65. Paragraph 65 purports to reference a document that speaks for itself. Defendants deny any allegations or characterizations in Paragraph 65 and demand strict proof thereof.

66. Paragraph 66 purports to quote from a document that speaks for itself. Defendants deny any allegations or characterizations in Paragraph 66 and demand strict proof thereof.

67. Paragraph 67 purports to quote from a document that speaks for itself. Defendants deny any allegations or characterizations in Paragraph 67 and demand strict proof thereof.

68. Defendants admit only that they are aware of, and that claims or demands were made against Defendants prior to February 2025, stemming from the referenced July 2024 and August 2024 capsizing events. Defendants deny the remaining allegations of Paragraph 68 and demand strict proof thereof.

69. Denied as stated. Defendants admit only that they are aware of the July 2024 and August 2024 capsizing events and other alleged capsizing events involving the Sea-Doo Switch. Defendants deny the remaining allegations of Paragraph 69 and demand strict proof thereof.

70. Defendants deny the allegations of Paragraph 70 and demand strict proof thereof.

71. Defendants admit that Paragraph 71 contains a portion of warning label(s) and/or the Operator's Guide which speak for themselves. Defendants deny any characterization inconsistent with Subject Switch's warning label(s) and/or Operator's Guide, specifically including but not limited to, Plaintiffs' characterization about any "principal reason" for a potential capsize. Defendants deny the remaining allegations in Paragraph 71 and demand strict proof thereof.

72. Defendants deny the allegations of Paragraph 72 and demand strict proof thereof.

73. Defendants deny the allegations of Paragraph 73 and demand strict proof thereof.

74. Defendants deny the allegations of Paragraph 74 and demand strict proof thereof.

75. Defendants deny the allegations of Paragraph 75 and demand strict proof thereof.

76. Defendants deny the allegations of Paragraph 76 and demand strict proof thereof.

77. Defendants deny the allegations of Paragraph 77 and demand strict proof thereof.

78. Denied as stated. Defendants admit only that certain tests were performed during the process analysis that led to the issuance of the Safety Recall Bulletin. Defendants deny any remaining allegations in Paragraph 78.

79. Denied as stated. Defendants admit that a Safety Recall Bulletin 2026-1 was issued in or about November 2025, which superseded prior bulletins. The bulletin speaks for itself and

Defendants deny any characterization of the Safety Recall Bulletin inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 79 and demand strict proof thereof.

80. Defendants admit that Safety Recall Bulletin 2026-1 speaks for itself. Defendants deny any characterization of the bulletin inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 80 and demand strict proof thereof.

81. Defendants admit that Safety Recall Bulletin 2026-1 speaks for itself. Defendants deny any characterization of the bulletin inconsistent with its terms, Defendants deny the remaining allegations of Paragraph 81 and demand strict proof thereof.

82. Defendants deny the allegations of Paragraph 82 and demand strict proof thereof.

83. Defendants admit that, in or about May 2026, a notice was issued to owners announcing the availability of an operator-assistance technology called Intelligent Balance Assist (iBA) which speaks for itself. Defendants deny any characterization of the notice inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 81 and demand strict proof thereof.

84. Defendants admit that the May 2026 notice speaks for itself. Defendants deny any characterization of the notice inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 84 and demand strict proof thereof.

85. Paragraph 85 references certain materials regarding the iBA which speak for themselves. Defendants deny any characterization inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 85 and demand strict proof thereof.

86. Defendants deny the allegations of Paragraph 86 and demand strict proof thereof.

87. Defendants deny the allegations of Paragraph 87 and demand strict proof thereof.

88. Defendants deny the allegations of Paragraph 88 and demand strict proof thereof.

89. Defendants deny the allegations of Paragraph 89 and demand strict proof thereof.

90. Defendants deny the allegations of Paragraph 90 and demand strict proof thereof.

91. Defendants deny the allegations of Paragraph 91 and demand strict proof thereof.

## COUNT I: STRICT PRODUCTS LIABILITY (BOMBARDIER DEFENDANTS)

92. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

93. Denied as stated. Defendants admit that Bombardier Recreational Products, Inc. designed, tested, and issued certain warnings and/or recall notices regarding the 2024 Sea-Doo

Switch. Defendants further admit that Bombardier Recreational Products, Inc. and BRP US, Inc. conduct some advertising and promotion of Sea-Doo products. Defendants further admit that Defendant BRP US, Inc. manufactured and distributed the 2024 Sea-Doo Switch. Sea-Doo products are "sold" to initial buyers by independent authorized dealerships. Defendants otherwise deny the remaining allegations of Paragraph 93 and demand strict proof thereof.

94. Defendants deny the allegations of Paragraph 94, including subparagraphs a. through e. and demand strict proof thereof.

95. Defendants deny the allegations of Paragraph 95 and demand strict proof thereof.

96. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 96, and on that basis deny them and demand strict proof thereof.

97. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 97, and on that basis deny them and demand strict proof thereof.

98. Defendants deny the allegations of Paragraph 98 and demand strict proof thereof.

99. Defendants deny the allegations of Paragraph 99 and demand strict proof thereof.

**COUNT II: STRICT PRODUCTS LIABILITY (RICHARDSON'S)**

100. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

101. The allegations of Paragraph 101 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants admit that Richardson's was an independent authorized dealer of Sea-Doo products. Defendants deny the remaining allegations in Paragraph 101 and demand strict proof thereof.

102. The allegations of Paragraph 102 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants admit upon information and belief only that Richardson's promoted, marketed, and sold Sea-Doo branded products. Defendants deny the remaining allegations in Paragraph 101 and demand strict proof thereof.

103. The allegations of Paragraph 103 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

104. The allegations of Paragraph 104 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

105. The allegations of Paragraph 105 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

106. The allegations of Paragraph 106 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

**COUNT III: NEGLIGENCE (BOMBARDIER & RICHARDSON'S)**

107. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

108. Paragraph 108 contains legal conclusions for which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 108 and demand strict proof thereof.

109. Defendants deny the allegations of Paragraph 109, including subparagraphs a. through e., and demand strict proof thereof.

110. Defendants deny the allegations of Paragraph 110 and demand strict proof thereof.

111. The allegations of Paragraph 111 are directed at co-defendant Richardson's; therefore, no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

112. Defendants deny the allegations of Paragraph 112 and demand strict proof thereof.

113. Defendants deny the allegations of Paragraph 113 and demand strict proof thereof.

114. Defendants deny the allegations of Paragraph 114 and demand strict proof thereof.

**COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DARETRESS**

**(Khizer Nasir and Hassan Akbar vs. Bombardier & Richardson's)**

115. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

116. Paragraph 116 contains legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 116 and demand strict proof thereof.

117. Defendants deny the allegations of Paragraph 117, including subparagraphs a. through e., and demand strict proof thereof.

118. Defendants deny the allegations of Paragraph 118 and demand strict proof thereof.

119. The allegations of Paragraph 119 are directed at co-defendant Richardson's Boat Yard and not at Defendants, and therefore no response from Defendants is required. To the extent a response is deemed required, Defendants deny the allegations and demand strict proof thereof.

120. Defendants deny the allegations of Paragraph 120 and demand strict proof thereof.

121. Defendants deny the allegations of Paragraph 121 and demand strict proof thereof.

122. Defendants deny the allegations of Paragraph 122 and demand strict proof thereof.

## COUNT V: BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY

**(Bombardier & Richardson's)**

123. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

124. Denied as stated. Defendants admit that the Subject Switch was sold with certain accompanying warranties. Defendants deny the remaining allegations in Paragraph 124 and demand strict proof thereof.

125. Defendants deny the allegations of Paragraph 125 and demand strict proof thereof.

126. Defendants deny the allegations of Paragraph 126 and demand strict proof thereof.

127. Defendants deny the allegations of Paragraph 127 and demand strict proof thereof.

## COUNT VI: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

**(Bombardier & Richardson's)**

128. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

129. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 129, and on that basis deny them and demand strict proof thereof.

130. Defendants deny the allegations of Paragraph 130 and demand strict proof thereof.

131. Defendants deny the allegations of Paragraph 131 and demand strict proof thereof.

132. Defendants deny the allegations of Paragraph 132 and demand strict proof thereof.

## COUNT VII: WRONGFUL DEATH

133. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

134. Defendants admit that Nasir Hameed as Administrator of the Estates of Farhana Nasir and Noor Nasir, seeks certain relief pursuant to 18-C M.R.S. § 2-807. Defendants deny that they are liable to Plaintiff Hameed or that Plaintiff Hameed is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph 134.

135. Defendants admit that Javed Akbar as Administrator of the Estate of Kiran Akbar, seeks certain relief pursuant to 18-C M.R.S. § 2-807. Defendants deny that they are liable to Plaintiff Akbar or that Plaintiff Akbar is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph 134.

## COUNT VIII: SURVIVAL STATUTE

136. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

137. Defendants deny the allegations of Paragraph 137 and demand strict proof thereof.

138. Defendants admit that Nasir Hameed as Administrator of the Estates of Farhana Nasir and Noor Nasir, seeks certain relief pursuant to 18-C M.R.S. §3-817. Defendants deny that they are liable to Plaintiff Hameed or that Plaintiff Hameed is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph 134.

139. Defendants admit that Javed Akbar as Administrator of the Estate of Kiran Akbar, seeks certain relief pursuant to 18-C M.R.S. §3-817. Defendants deny that they are liable to Plaintiff Akbar or that Plaintiff Akbar is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph 134.

## COUNT IX: PUNITIVE DAMAGES

140. Defendants reallege and incorporate their responses to the preceding paragraphs as if fully set forth herein.

141. Defendants deny the allegations of Paragraph 141 and demand strict proof thereof.

142. Defendants admit that Plaintiffs are seeking punitive damages; however, Defendants deny that Plaintiffs are entitled to recovery of punitive damages or any relief whatsoever. Defendants deny any remaining allegations in Paragraph 142 and demand strict proof thereof.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants, including compensatory damages, punitive damages, interest, costs, or any other form of relief requested in the Complaint or otherwise.

WHEREFORE, Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. respectfully request that the Court enter judgment in their favor and against Plaintiffs on all claims; dismiss the Complaint with prejudice; award DEFENDANTS its costs of suit; and grant such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would not otherwise rest with them, and without waiving any denial or other defense stated above, Defendants plead the following defenses in the alternative:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against either or both Defendants.

### SECOND DEFENSE

Plaintiffs cannot establish personal jurisdiction over either Defendant. Defendants expressly preserve this defense under Federal Rule of Civil Procedure 12(b)(2). Any waiver of service under Federal Rule of Civil Procedure 4(d), and the removal of this action, do not waive the defense.

**THIRD DEFENSE**

To the extent any Plaintiff or decedent failed to exercise reasonable care and that fault caused or contributed to the incident or the injuries or damages alleged, recovery is barred or must be reduced pursuant to 14 M.R.S. § 156.

**FOURTH DEFENSE**

The injuries and damages alleged were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendants over whom Defendants exercised no control and for whose conduct Defendants are not legally responsible. Such conduct was the sole proximate cause or a contributing proximate cause of the alleged injuries and damages.

**FIFTH DEFENSE**

The acts or omissions of persons or entities occurring after the Subject Switch left Defendants' possession or control—including, without limitation, its loading, operation, maintenance, inspection, recall repair, modification, or the operator's response to an alleged observable bow-down condition—constituted intervening or superseding causes of the alleged injuries and damages.

**SIXTH DEFENSE**

Without admitting that the Subject Switch was defective or unreasonably dangerous, Plaintiffs' claims are barred or must be reduced to the extent the Subject Switch was loaded, trimmed, operated, maintained, repaired, modified, or otherwise used contrary to applicable warnings and instructions or in an abnormal or unforeseeable manner.

**SEVENTH DEFENSE**

If the product that is the subject of this action were defective, which Defendants specifically deny, Plaintiffs are barred from recovery because they and/or Mr. Morris were aware of the alleged defects and nonetheless proceeded voluntarily and unreasonably to encounter known dangers created by the alleged defects.

**EIGHTH DEFENSE**

Plaintiffs' strict liability claims are barred to the extent the Subject Switch did not reach the users without a significant change in the condition in which it was sold, as required by 14 M.R.S. § 221, and any post-sale repair, maintenance, modification, or other change caused or contributed to the incident or the alleged injuries and damages.

**NINTH DEFENSE**

The Plaintiffs are barred from recovery because notice of an alleged breach of warranty was not provided to Defendants within a reasonable time after it was discovery or reasonably should have been discovered, and Defendants were prejudiced thereby.

**TENTH DEFENSE**

Plaintiffs are barred from recovery to the extent there has been spoliation or a failure to maintain or preserve the subject product, components thereof, or other evidence following the alleged incident.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because the Subject Switch and the warnings and instructions that were supplied with it represented the state-of-the-art at the time they were supplied.

**TWELFTH DEFENSE**

Without admitting any defect or unreasonable danger, Defendants provided warnings and instructions concerning forward loading, weight distribution, bow-down operation, nosediving, and capsizing, including instructions concerning corrective action if the bow began to submerge. Plaintiffs' failure-to-warn claims are barred or limited to the extent those warnings and instructions were adequate, were not followed, or concerned conditions that were known, obvious, or reasonably apparent.

**THIRTEENTH DEFENSE**

At all relevant times, the Subject Switch was designed, manufactured, assembled, tested, inspected, and accompanied by warnings and instructions in accordance with customary designs, methods, standards, and techniques.

**FOURTEENTH DEFENSE**

Plaintiffs cannot establish that the Subject Switch was defective or unreasonably dangerous, that any alleged defect existed when the Subject Switch left either Defendant's possession or control, or that any alleged defect proximately caused the injuries and damages claimed. The Subject Switch was merchantable and fit for its ordinary recreational purpose when sold.

**FIFTEENTH DEFENSE**

Plaintiffs' express-warranty claim is barred to the extent Plaintiffs cannot identify an actionable affirmation of fact or promise attributable to either Defendant that became part of the basis of the bargain for the Subject Switch, was breached, and proximately caused the injuries or damages alleged. General advertising, opinions, commendations, or descriptions that did not become part of the basis of the bargain did not create an express warranty.

**SIXTEENTH DEFENSE**

Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose is barred because the use alleged in the Complaint was the Subject Switch's ordinary recreational purpose, not a particular purpose distinct from ordinary use, and because no such particular purpose was communicated to either Defendant or undertaken in reliance on either Defendant's skill or judgment.

**SEVENTEENTH DEFENSE**

Bombardier Recreational Products, Inc., BRP US, Inc., and Richardson's Boat Yard are separate legal entities, and Richardson's Boat Yard is an independent dealer. No act, omission, knowledge, duty, or liability of one may be imputed to another absent proof of agency, alter ego, joint venture, or another legally sufficient basis, all of which Defendants deny.

**EIGHTEENTH DEFENSE**

Defendants are entitled to allocation or apportionment of fault and contribution among all liable parties, and to a setoff or credit for settlements or payments made by or on behalf of released or dismissed tortfeasors, to the full extent permitted by 14 M.R.S. § 156 and other applicable law.

**NINETEENTH DEFENSE**

Defendants and the Subject Switch complied with all federal or state statutes or administrative regulations existing at the time the Subject Switch was manufactured, including all safety standards, as well as the state-of-the-art knowledge.

**TWENTIETH DEFENSE**

Plaintiffs may pursue alternative theories of recovery, but they may not obtain a double or duplicative recovery for the same injury or loss under overlapping theories of strict liability, negligence, negligent infliction of emotional distress, warranty, wrongful death, survival, or punitive damages.

**TWENTY-FIRST DEFENSE**

Any recovery under Maine's wrongful-death or survival statutes is subject to all statutory prerequisites, beneficiaries, allocations, categories of recoverable damages, and limitations set forth in 18-C M.R.S. §§ 2-807 and 3-817.

**TWENTY-SECOND DEFENSE**

Any recovery by the Plaintiffs against Defendants should be reduced in the amount Plaintiffs received and obtained from other sources as a result of the alleged accident.

## TWENTY-THIRD DEFENSE

Plaintiffs are not entitled to punitive damages because they cannot prove by clear and convincing evidence that either Defendant acted with actual or implied malice. Punitive damages are a remedy, not an independent cause of action, and any punitive-damages award is subject to all statutory and constitutional limitations.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to seek leave to amend this Answer under Federal Rule of Civil Procedure 15 and any applicable scheduling order to assert additional defenses or other claims that may become available or apparent through further investigation, discovery, motion practice, amendment of the pleadings, or otherwise.

## WHEREFORE

Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. respectfully request that the Court enter judgment in their favor and against Plaintiffs on all claims; dismiss the Complaint with prejudice; award DEFENDANTS its costs of suit; and grant such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. respectfully demand a trial by jury on all issues so triable.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Daniel J. Murphy*___________

Daniel J. Murphy, Bar No. 9464
Lucas Fortier, Bar No. 11071
Bernstein Shur Sawyer & Nelson, P.A.
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
(207) 228-7120
dmurphy@bernsteinshur.com
lfortier@bernsteinshur.com

Lem Montgomery, III, Esq.
(*Pro Hac Vic* forthcoming)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39158-6010
(601) 985-4410
Lem.Montgomery@butlersnow.com

*Attorneys for Defendants Bombardier Recreational Products Inc. and BRP US, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been filed electronically through the Court's CM/ECF system and shall be served upon the counsel of record through the CM/ECF system for this matter:

Travis M. Brennan, Esq. and Charles P. Hehmeyer, Esq.
Berman & Simmons, P.A.
129 Lisbon Street
Lewiston, ME 04243-0961

Date: September 21, 2026 *<u>/s/ Daniel J. Murphy</u>*___________